## GIRA *et al.* v. HARRIS.

1.  A written contract, signed by the defendant only, in which he agrees to convey certain real estate to plaintiff on the payment of a certain sum by a certain date, creates an option, and is not a contract of sale and purchase.

2.  Under Comp. Laws § 3617, providing that no agreement for the sale of real estate shall be valid unless in writing, subscribed by the party to be charged, and Section 4630, authorizing the specific performance of a written contract, though only signed by the person against whom it is sought to be enforced, if the other party has performed or offers to perform, specific performance of a written contract to sell land for a certain price within a certain time may be enforced against the landowner when the purchaser has offered to perform his part, though the contract is only signed by the owner.

3.  Where a landowner contracts to convey land on a payment of a certain sum by a certain time, and the purchaser does not pay the full price at the agreed time, but the owner extends the time till the following morning, an offer then to pay the balance due is a substantial performance which will entitle the purchaser to a specific performance of the contract.

4.  Under Comp. Laws, § 3538, subds, 2, 3, providing that a written instrument is presumptive evidence of consideration, and placing the burder of showing want of consideration on the person attacking its validity, a written extension of a contract giving an option to purchase real estate is valid, in the absence of evidence showing want of consideration, though no consideration is expressed.

5.  Where a vendor refuses to convey land according to a contract giving the vendee an option to purchase. damages for use and occupation may be set off against the contract price of the land in a suit by the vendee for specific performence.

(Opinion filed June 12, 1901.)

Appeal, from circuit court Custer county. HON. LEVI McGEE, Judge.

Suit by Frank A. Gira and others against Jesse Harris for the specific performance of a contract to convey land. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

*Ed. J. Grantham* and *A. T. Feay,* for appellant.

The contract in suit is not a contract of purchase for want of mutual covenants. It is simply an option, a unilateral contract enforcible by the one and not by the other, for that there is no agreement to buy, but only to sell at a specified time for a specified amount in case the plaintiffs comply with its terms upon whom there is no obligation to purchase.

The testimony discloses that the full amount of the money due under the contract has never been offered, tendered or paid or brought into court. A tender of a less amount than is due is unavailing and will not entitle plaintiff to a specific performance. A tender after the time limited in the option is of no effect. Lapse of time renders the option void. Ross vs. Parks, 30 Am. St. Rep. 47; Atlee v. Bartholomew, 5th Am. St. Rep. 103; Ide v. Leiser, 24 Am. St. Rep.. 17; Warren v. Costello, 32 Am. St. Rep. 669; Clark on Contracts, 49; Garguson v. Talcott, 73 N. W. 257; Coleman v. Applegrath, 6 Am. St. Rep. 417; § 4647 Comp. Laws.

*W. E. Benedict, B. R. Wood* and *C. S. Smith,* for respondents.

The contract in suit is specifically enforcable. It need not contain the element of mutuality. McPherson v. Fargo, 74 N. W. 1057; § 4630 Comp. Laws; Lothrop v. Marble, 81 N. W. 885.

CORSON, J. This is an action by the plaintiffs to enforce the specific performance of a contract entered into by the defendant with Charles Rhodes, one of the plaintiffs, in which it is claimed said Rhodes was acting for and in behalf of all the plaintiffs. Findings and judgment were in favor of the plaintiffs, and the defendant appeals.

The contract in controversy is as follows: "Agreement: This agreement made and entered into this 22nd day of April, 1899, by and between Jess Harris, of the county of Custer, State of South Dakota, party of the first part, and Charles Rhodes, of Custer county, and State of South Dakota, party of the second part: That for and in consideration of the sum of one dollar ($1.00) to the said party of the first part in hand paid by the said party of the second part (the receipt is hereby confessed and acknowledged), and of the covenants and agreements herein contained, the said parties of the first part agree to convey to said parties of the second part an undivided one-half interest in and to the Hard Times group of mining claims situated in Custer county, South Dakota, on payment of three hundred dollars ($300.00) on the 25th day of May, 1899. Witness my hand and seal. Jess Harris. Witnesses: Henry Cox, John Hoffman." The court finds that $200 was paid upon this contract prior to and on the 26th day of May, 1899, and that at that time the contract was extended to June 7, 1899. The receipt for the money paid on that date and the extension of time read as follows: "Spokane, S. D., May 26th, 1899. Received of F. A. Gira forty-two dollars to apply on Iron Mountain claims Hard Times; balance to be paid on or before June seventh, 1899. $42.00. Jess Harris." Among other findings the court finds: "That on June 7, 1899, these plaintiffs tendered the defendant the balance of the purchase price in lawful money of the United States, less the sum of $10, which the plaintiffs agreed to pay on the morning of June 8, 1899, and the defendant by his conduct, led plaintiffs to believe that the payment of the whole sum on the following morning would be satisfactory to him, and demanded of the defendant the execution and delivery of the deed of the property hereinbefore described; that the defendant refused to accept the money, and refused to make the deed; that

the plaintiffs had complied with all the terms of said contract of purchase on their part, but the defendant refused to give the deed, and now refuses to give the same; that the contract for the purchase of said ground was made and entered into for the express benefit of all these plaintiffs; that Rhodes was acting for the plaintiff; that the said plaintiffs in this action planted a crop upon said land consisting of potatoes and grasses growing upon the land; that the plaintiffs in this action lost all of said crop; that it was converted to the use of the defendant by the defendant; that the value of the rents, issues, and profits of said premises was $200." From these findings the court concludes as matter of law that the agreement was substantially complied with on the part of the plaintiffs, and that they are entitled to a deed for said property; that $100 of the damages for the use and occupation of the property be set off against the purchase price; and judgment was entered accordingly.

It is contended on the part of the appellant that the court erred in construing the contract to constitute a purchase of the property, and that the contract is not a contract of purchase for want of mutual covenants, but is simply an option or unilateral contract, enforceable by one and not by the other, there being no agreement on the part of the plaintiffs to purchase, but only an agreement on the part of the defendant to sell for a specified amount within a speci fied time. Undoubtedly the appellant is correct in his contention that the contract set up is not one of sale and purchase, but simply an option to purchase within a specified time, and for a given price. But. assuming this to be the true construction of the contract, we fail to see in what respect the defendant will be benefitted. Section 3617, Comp. Laws, provides: "No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, be in writing and subscribed by the

party to be charged." It will be noticed that all that is required is that the agreement be in writing, and subscribed by the party to be charged. And this is made clear by the provisions of section 4630, Id., which reads as follows: "A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform, it on his part, and the case is otherwise proper for enforcing specific performance." McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057. In the case at bar the agreement is in writing, and is subscribed by the defendant. Consequently, the memorandum comes clearly within the terms of the statute, and is enforceable as against the defendant, whose name is subscribed thereto.

It is found by the court, and clearly sustained by the evidence, that $200 of the amount specified in the contract was paid to and accepted by the defendant; and it also clearly appears from the memorandum receipt of May 26th that the time was extended for the payment of the balance until June 7th. On June 7th the plaintiffs offered to pay the further sum of $90, and to pay the balance within a few days, but this proposition was declined by the defendant. But the court finds, and we think the evidence supports the finding, that the defendant did agree to give the plaintiffs until the following morning to make up the amount, and that the plaintiffs did on the following morning offer to pay the balance due on the contract. Under these findings we are of the opinion that the court was clearly right in holding that there was a substantial compliance with the contract by the plaintiffs within the extended time. The defendant, after giving plaintiffs to understand that he would accept the money in the morning, cannot in justice and equity, be permitted to now say that the full amount was not tendered on the 7th, for the presumption may be reasonably indulged in that, had not the plaintiffs

been misled by the conduct of the defendant, they could and would have procured and tendered the balance on the evening of the 7th. Had the defendant declined to agree to accept the money the following morning, the failure of the plaintiffs to tender the full amount on the 7th might have been fatal to their claim, as a party to an option contract, desiring to avail himself of its provisions, must strictly comply with the terms of the same.

It is further contended on the part of the appellant that there was no consideration for the extension of time to the 7th of June made on the 26th of May. But, as the agreement was in writing, a consideration is presumed, under the provisions of our statute. Section 3538, subd. 2, Comp. Laws, provides: "A written instrument is presumptive evidence of a consideration." Subdivision 3 provides: "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." There being no evidence upon this subject, the presumption of consideration must prevail.

It is further contended on the part of the appellant that the court erred in holding that the value of the use and occupation of the premises should be set off against the $100 balance due. But we are of the opinion that the court was right in so holding. There would seem to be no impropriety in settling the controversy as to the use and occupation of the premises in this action, and allowing plaintiffs the benefit of the same to the extent of the amount due.

Svereal errors have been assigned upon the admission and rejection of evidence, but after a careful examination of the same, we are of the opinion that there was no error committed on the part of the court, if any, of sufficient importance to require a reversal of this case. Finding no error in the record, the judgment of the court below is affirmed.