FRANK *v.* COYLE.

1. Specific Performance—Removal of Tourist Cabins—Time—
   Finding of Court.
   In suit for specific performance of agreement to remove tourist cabins from plaintiff's land, finding of trial court as to time when cabins were to be removed is affirmed where circuit judge heard the conflicting testimony and gave greater weight to testimony of the plaintiff.

2. Sales—Tourist Cabins—Removal from Seller's Land—Landlord and Tenant—Licenses.
   Buyer of tourist cabins who orally agreed to remove them from seller's land did not thereby become the seller's tenant, the buyer's right of entry being merely a license for the sole purpose of removing personalty.

3. Licenses—Right to Enter Realty to Remove Personalty—
   Landlord and Tenant.
   An oral license to enter realty for the purpose of removing personalty therefrom does not constitute the licensee a tenant of the realty.

Award for incidental damages in suit for specific performance, see 2 Restatement, Contracts, § 364; inadequacy of money damages as ground for specific performance, § 358.

4. SALES—TOURIST CABINS—ADEQUACY OF REMEDY AT LAW—EJECT-
MENT.
> Ejectment proceedings would not afford seller of tourist cabins
> an adequate remedy against buyer who failed to remove them
> at time agreed upon, as the seller, being already in possession
> of the land, could not recover possession thereof.

5. EJECTMENT—SCOPE OF ACTION.
> Ejectment will not lie for anything that is not tangible or
> capable of being delivered to the plaintiff by the sheriff under
> the writ of possession.

6. EQUITY—JURISDICTION—POSSESSION—CONTINUING TRESPASS.
> The court of equity has jurisdiction to enjoin a continuing
> trespass upon land to which a plaintiff establishes his right
> to possession.

7. SPECIFIC PERFORMANCE—JURISDICTION—DAMAGES.
> A court having jurisdiction to grant specific performance of
> an agreement may also award damages incidental to the re-
> lief granted in order that the court may grant complete relief.

8. EQUITY—JURISDICTION—COMPLETE RELIEF.
> A court of equity, having jurisdiction upon any well-settled
> ground of equity, will retain jurisdiction to grant complete
> relief.

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 4, 1944. (Docket No. 37, Calendar
No. 42,834.) Decided November 30, 1944.

Bill by Sherman Frank against Frank Coyle for
specific performance of a contract to remove tourist
cabins from plaintiff's land and for money damages.
Decree for plaintiffs. Defendant appeals. Af-
firmed.

*Rosenburg, Painter & Navarre,* for plaintiff.

*John J. Gallagher,* for defendant.

BOYLES, J. Plaintiff filed this bill of complaint to
compel specific performance of a claimed oral agree-
ment whereby the defendant had agreed to remove

from plaintiff's land eight tourist cabins (personal property) which plaintiff had sold to the defendant. At the time the bill of complaint was filed, 10 months after the agreement was entered into, the defendant had not yet removed the cabins. Plaintiff also claimed damages for being deprived of the use of his land on which the cabins stood. The defendant answered, admitting that he had not removed the cabins, and claiming the agreement was that he could leave the cabins on plaintiff's property until such time as he, the defendant, was ready to remove them. The circuit judge found the contract to be as claimed by plaintiff, decreed that the defendant must specifically perform his contract to remove the cabins, and adjudged plaintiff to be entitled to $170 damages for loss of use of his land. Defendant appeals.

There was a conflict of testimony as to when the defendant was to remove the cabins. The circuit judge heard the testimony of both the parties as to the agreement, and gave greater weight to the testimony of the plaintiff. A repetition of the testimony would add nothing of value to this opinion. We have reviewed the record and agree with the conclusion reached by the circuit judge.

On appeal, the defendant questions:

"Has the circuit court, in chancery, jurisdiction in proceedings brought for the recovery of possession of land?"

The short answer is that plaintiff had, and still has, possession of the land; the defendant was never put in possession of the land, did not become a tenant of plaintiff's land, and merely had an oral license to enter upon plaintiff's land for the sole purpose of removing his personal property therefrom. Ejectment proceedings would not have afforded

plaintiff any adequate remedy, because he could not recover possession of land when he was already in possession of it.

"Ejectment will not lie in this State for anything that is not tangible or capable of being delivered to the plaintiff by the sheriff under the writ of possession." *Harrington* v. *City of Port Huron,* 86 Mich. 46 (13 L. R. A. 664).

"This suit was brought to enjoin defendants from tearing down or removing a fence separating the property of the parties, and from interfering with plaintiffs' possession.  *  *  *  The circuit judge held that plaintiffs' remedy, if any, is in ejectment. *  *  *  Plaintiffs cannot bring ejectment, for they are in possession. Plaintiffs established right to possession of the disputed strip, and the court of equity had jurisdiction to enjoin a continuing trespass by defendants." *Beaver* v. *Zwonack,* 250 Mich. 96.

Defendant claims that the court could not award a money decree for damages. The court had jurisdiction of the case, the damages flowed from defendant's failure to specifically perform his agreement, and the award of damages was incidental to the relief granted. The court had jurisdiction to grant complete relief.

"The court of equity, having jurisdiction upon any well-settled ground of equity, will retain jurisdiction to grant complete relief. *Burgess* v. *Jackson Circuit Judge,* 249 Mich. 558." *Johnson* v. *Douglas,* 281 Mich. 247, 261.

Decree affirmed, with costs of both courts to plaintiff.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with BOYLES, J.

Wiest, J. (*concurring in result*). I concur in the result on the ground that under the bill and proofs plaintiff was entitled to have and, in legal effect, was granted a mandatory injunction and the misnomer of "specific performance" was of no moment.