## GODWIN v LINDBERT

Docket No. 47766. Submitted June 25, 1980, at Detroit.—Decided October 29, 1980.

Plaintiffs, Paul and Carol Godwin, brought an action in Oakland Circuit Court seeking specific performance of a contract whereby plaintiffs had agreed to purchase, and defendants had agreed to sell, certain real property. Plaintiffs also sought an award for damages allegedly sustained as a result of the defendants' failure to convey. Defendants, Thomas and Mary Lindbert, were in the process of being divorced and had agreed to sell their house to plaintiffs. Defendant Mary Lindbert then changed her mind about selling the house, moved back into it and obtained an injunctive order restraining and enjoining defendant Thomas Lindbert from contacting the plaintiffs. As a result of defendants' failure to convey pursuant to the terms of the contract, plaintiffs lost the 8-3/4% mortgage that they had been granted by their mortgagee. The Oakland Circuit Court, John N. O'Brien, J., entered a decree of specific performance in favor of the plaintiffs and against defendant Mary Lindbert, and also granted supplemental damages in an amount equal to the difference between what the mortgage payments would have been on the 8-3/4% mortgage and what the payments would be based on the 11-1/2% mortgage that plaintiffs' mortgagee now required. The trial court discounted the mortgage 5% per year to obtain the value thereof. A judgment of no

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 239.

27 Am Jur 2d, Equity § 112 *et seq.*

71 Am Jur 2d, Specific Performance § 1.

Power of equity court to award exemplary or punitive damages. 48 ALR2d 947.

[2] 71 Am Jur 2d, Specific Performance § 216 *et seq.*

[3] 30 Am Jur 2d, Exchange of Property § 31.

71 Am Jur 2d, Specific Performance §§ 119, 218.

[4] 71 Am Jur 2d, Specific Performance § 218.

Specific performance: compensation or damages awarded purchaser for delay in conveyance of land. 7 ALR2d 1204.

cause of action was entered in favor of defendant Thomas Lindbert. Mary Lindbert appeals, contending that the trial court abused its discretion by granting the supplemental damages. *Held:*

In granting specific performance, a trial court has the discretion to award such additional or incidental relief as is necessary to adequately sort out the equities of the parties. The trial court did not abuse its discretion by awarding plaintiffs the difference between the amounts of the payments under the two interest rates.

Affirmed.

1. EQUITY — SPECIFIC PERFORMANCE — DAMAGES.

A trial court, in equity, has the power to protect all of the equities of the parties and may grant complete relief to a party in the form of specific performance, including an award of damages.

2. EQUITY — SPECIFIC PERFORMANCE — INCIDENTAL RELIEF.

A trial court, when granting specific performance, may award in its decree such additional or incidental relief as is necessary to adequately sort out the equities of the parties.

3. EQUITY — CONTRACTS — SPECIFIC PERFORMANCE — CONVEYANCE OF REAL PROPERTY.

A trial court, when granting specific performance, should enforce the equities of the parties in such a manner as to put them as nearly as possible in the position that they would have occupied had the conveyance of the real property occurred when required by the contract.

4. EQUITY — SPECIFIC PERFORMANCE — INCIDENTAL DAMAGES — CONVEYANCE OF REAL PROPERTY.

A trial court, acting in equity, may include in a decree of specific performance an award of incidental damages including increased mortgage costs incurred because of a delay in conveying marketable title on the original date for closing; such an award is more like an accounting between the parties than like an assessment of damages.

*Robert Tomak,* for plaintiffs.

*Richard D. Mintz,* for defendant on appeal.

Before: J. H. Gillis, P.J., and V. J. Brennan and
A. C. Miller,* JJ.

Per Curiam. This case is an appeal from the
circuit court's judgment of specific performance
and damages against the sellers of certain real
estate in Oakland County.

The case primarily concerns the propriety of the
trial judge's September 25, 1979, order that plain-
tiffs were entitled to supplemental damages of the
difference between the mortgage rate of 8-3/4% in
effect at the time plaintiffs procured a commit-
ment to buy the property and defendants refused
to convey and the 11-1/2% interest rate in effect
when the trial court awarded specific performance.
We affirm.

Seeking to purchase the home of the defendants,
Thomas and Mary Lindbert, plaintiffs, Paul and
Carol Godwin, executed and submitted an offer to
purchase which contemplated a cash sale with a
conventional mortgage in the amount of $59,000.
Defendants accepted the offer on March 13, 1977,
and the closing was scheduled at the offices of the
mortgagee bank for April 12, 1977. Plaintiff Paul
Godwin attended the closing, bringing with him a
power of attorney signed by his wife. Thomas
Lindbert did not attend the closing because his
wife had obtained an injunctive order in connec-
tion with their pending divorce restraining and
enjoining him from contacting plaintiffs. Mrs.
Lindbert did not attend, but was represented by
her attorney, who advised Mr. Godwin that there
would be no closing as Mrs. Lindbert had moved
back into the house and was not going to sell the
house.

At the time of the scheduled closing, plaintiffs

* Circuit judge, sitting on the Court of Appeals by assignment.

were ready and able to pay the agreed upon pur-
chase price of $74,000. Fifteen thousand dollars
was to be paid in cash, and the $59,000 balance
was to be mortgaged. At that point, plaintiffs had
received a home mortgage bearing an interest rate
of 8-3/4%. Because of the inability to close on the
scheduled date, this mortgage commitment subse-
quently lapsed. Plaintiffs filed this action seeking
specific performance of the contract and damages
sustained by virtue of defendants' failure to sell
pursuant to the contract. At the conclusion of the
nonjury trial, the judge entered a judgment of
specific performance in favor of the plaintiffs.[1] On
September 5, 1979, the trial court issued an opin-
ion which granted damages to plaintiffs in an
amount equal to the difference between the pay-
ments on the original mortgage at 8-3/4% and the
payments based on the interest rate of 11-1/2%.
The trial court discounted this 30-year mortgage
by five percent per year to obtain the present
value thereof.

Defendant appeals, raising an issue of first im-
pression. Did the trial judge abuse his discretion in
granting plaintiffs supplemental damages equall-
ing the difference between the original mortgage
interest rate and the mortgage interest rate pre-
vailing at the date of judgment? We answer the
question in the negative, and affirm.

Michigan courts have long recognized that a
trial court in equity has the power to protect all of
the equities of the parties. *Lutz v Dutmer,* 286

[1] The trial court rendered its judgment of no cause of action as to
Mr. Lindbert. The court found that Mr. Lindbert was at all times
willing to convey the property; that Mr. Lindbert had no part in
preventing the agreed upon sale; that he had even attempted to
rescind the restraining order obtained by Mrs. Lindbert; and that as
part of the divorce proceeding he had transferred his interest in the
property to Mrs. Lindbert and, therefore, retained no interest in the
property at the time of trial.

Mich 467; 282 NW 431 (1938). The court, in equity, may grant complete relief to a party in the form of specific performance, including an award of damages. *Reinink v Van Loozenoord,* 370 Mich 121; 121 NW2d 689 (1963), *Frank Coyle,* 310 Mich 14; 16 NW2d 649 (1944), *Fleischer v Buccilli,* 13 Mich App 135; 163 NW2d 637 (1968). In granting specific performance, a trial court may award in its decree such additional or incidental relief as is necessary to adequately sort out the equities of the parties. *Brotman v Roelofs,* 70 Mich App 719; 246 NW2d 368 (1976). A trial court should enforce the equities of the parties in such a manner as to put them as nearly as possible in the position that they would have occupied had the conveyance of the real property occurred when required by the contract. *Meyering v Russell,* 53 Mich App 695; 220 NW2d 121 (1974), *rev'd on other grounds* 393 Mich 770; 224 NW2d 280 (1974).

In the instant case, the trial court clearly had within its discretion the authority to grant such additional or incidental relief as it thought necessary. In awarding plaintiffs the difference in the increase of the mortgage interest rates, we find no abuse of that discretion.

The trial court relied heavily on *Reis v Sparks,* 547 F2d 236 (CA 4, 1976), as support for its award of the difference in mortgage interest rates. *Reis* allowed the increase in mortgage interest rates as a proper item for compensating the injured parties for the delay in conveying property. In explaining its rationale, the *Reis* opinion cited *Bernardini v The Stefanowicz Corp,* 29 Md App 508; 349 A2d 287 (1975),

    " 'The result [of awarding specific performance with incidental damages] is more like an accounting between the parties than like an assessment of damages.' " 349

A2d 287, 291, quoting *Ellis v Mihelis,* 60 Cal 2d 206, 219; 32 Cal Rptr 415; 384 P2d 7 (1963).

In *Regan v Lanze,* 47 AD2d 378; 366 NYS2d 512 (1975), *rev'd on other grounds* 40 NY2d 475; 387 NYS2d 79; 354 NE2d 818 (1976), the court discussed a list of five items of claimed direct and consequential losses due to failure to convey marketable title on the original date of closing.

"The second item is for increased mortgage interest costs of [1/2%] over 25 years. This additional cost is a predictable consequence arising out of delay in conveying title." *Id.,* 516.

Defendant's reliance upon *Dohrman v Tomlinson,* 88 Idaho 313; 399 P2d 255 (1965), to support her claim that the trial court should have denied as a matter of law the award of the increase in mortgage rates, is misplaced. In *Dohrman,* the purchaser of real estate was awarded damages for loss of rents and profits on the land, the loss on a purported resale of the land, and the amount of interest being paid by the purchaser on the amount of money borrowed to purchase the land. On appeal, the loss of profits on the purported resale of the land was denied as being too speculative and not supported by the evidence. *Id.,* 261. The award of the amount of interest that the purchaser was paying on the loan obtained to buy the land was also denied. The reasoning behind this denial was that the purchaser could not be awarded both the loss of profits and rents caused by the delay in the conveyance of the land and the interest paid on the loan obtained to buy the land since the purchaser would have had to make those interest payments even if the contract had been performed as agreed. The trial court stated that if

the purchasers were permitted to recover both for the loss of the premises and the interest on the purchase loan they would be in a better position than if the contract had been timely performed. Thus, *Dohrman* is distinguishable from the present case.

In the instant case, the purchasers obtained a mortgage commitment which subsequently lapsed when the sellers did not timely perform the contract. The purchasers were not required to pay any interest on this mortgage commitment. Rather, the purchasers have asked and have been awarded the difference in the mortgage interest rates which have been directly occasioned by appellant's failure timely to perform the contract. There is no double recovery here as was found objectionable in *Dohrman.*

Affirmed.

Costs to be paid by defendant-appellant.