**Ted BROCKEL and Gary R. Larson, Plaintiffs and Appellees,**

v.

**John M. LEWTON and Thelma I. Lewton, Defendants and Appellants.**

**Nos. 13383, 13387.**

Supreme Court of South Dakota.

Argued Jan. 18, 1982.

Decided May 12, 1982.

Newell E. Krause, Mobridge, for plaintiffs and appellees.

William H. Coacher, Sturgis, for defendants and appellants.

MORGAN, Justice.

The trial court, sitting without a jury, granted Ted Brockel (Brockel) and Gary Larson (Larson) specific performance of a real estate purchase and sale agreement they entered into with John Lewton and Thelma Lewton (Lewtons). Additionally, the trial court found that the Tysdal Realty Company (Tysdal) had produced a ready, willing, and able buyer pursuant to their listing agreement with Lewtons.* Conse-

* Tysdal's listing agreement with Lewtons is also the subject of *Tysdal v. Lewton,* 319 N.W.2d 175 (S.D.1982) also rendered today.

quently, the trial court ordered Lewtons to convey the realty and pay Tysdal five percent of the contract price as commission. Lewtons appealed on several grounds which we deal with seriatim. Brockel and Larson filed a notice of review because the trial court denied them damages for loss of rents and profits while Lewtons held over in possession of the property after the closing date.

Lewtons agreed with Francis Haley (Haley), a real estate agent associated with Tysdal, to sell their ranch and personal property at public auction. On March 20, 1980, they signed a standard form listing agreement with Tysdal which established a purchase price of $420,000 ($250 per acre, 1680 acres) on a contract for deed at twenty percent down and unpaid balance at ".08%" for fifteen years.

During the morning of April 4, 1980, Haley contacted Brockel and Larson. He showed them a plat of Lewtons' ranch which accurately portrayed the 1680 acres. Brockel and Larson wanted better terms; $225 per acre on a contract for deed at eight percent for twenty years. A written offer was not prepared. After receiving this verbal offer, Haley called Jon Haivala (Haivala), a real estate broker with Tysdal, and together they proceeded to Lewtons' ranch.

While at Lewtons' ranch, Haley described the Brockel/Larson verbal offer to Lewtons and Haivala, despite Haivala's custom of presenting only written offers. In Lewtons' presence, Haivala prepared the written offer and agreement to purchase. Haivala read the agreement to Lewtons. Lewtons signed the agreement.

This document described the land, in part, as including the SW ¼, NW ¼, and S ½ SE ¼, Section 35, T16N, R14E; .... Subsequently, this description was found to be erroneous because Lewtons do not own the entire NW ¼ of Section 35. They do, however, own the NW ¼ of the SE ¼ of Section 35. The trial court found that the placement of the comma after NW ¼ in the land description was a clerical error.

In the afternoon of April 4, 1980, Haley and Haivala presented the signed document to Brockel and Larson. Four changes were made to the document; in three places Haivala corrected an admittedly erroneous date, and all irrigation equipment on the premises was included in the property description. Brockel and Larson signed the offer and initialed each change. Haivala also initialed the changes, apparently, as a notary of sorts.

Haivala, Haley and Larson then went to Lewtons where John Lewton initialed all changes and Larson delivered the earnest money; two checks, $500 each, one from Larson, one from Brockel. Lewtons agreed to have the abstract brought up to date and to have Haivala's lawyer draw the contract for deed. Everyone stood around and shook hands.

On April 11, 1980, at the auction, in the presence of John Lewton, Haley announced that the land had been sold. Both parties acted as if a deal had been struck. Brockel and Larson arranged financing and Lewtons had the abstract updated.

After the auction, Lewtons went on vacation. On May 29, 1980, Haivala contacted Lewtons in Gillette, Wyoming, and told Lewtons that the closing was set for June 7, 1980. This conversation received two interpretations at trial. Haivala testified that he said that the closing could go ahead and that he would hold the down payment in trust until Lewtons returned from vacation to sign the contract for deed. Lewton testified that Haivala said that he would close without him. Lewton became angry and has since refused to close, despite his previous agreement, contained in the offer and agreement to purchase, to close before June 15, 1980. Apparently, the trial court accepted the testimony of Haivala.

Brockel and Larson signed the contract for deed. After comparing the abstracts with the legal description on the deed, taken from the offer and agreement to purchase, the scriveners' error in the property description was discovered, the contract for deed changed, and the change initialed by Brockel, Larson, and Haivala.

Although Lewtons present their issues as questions of law, each rests on alleged error in the factual findings by the trial court. Even Lewtons agree that the issue is whether the trial court abused its discretion in granting specific performance. This issue depends on the facts and circumstances of each case. The record, however, lacks findings of fact and conclusions of law proposed by or a motion for new trial made by Lewtons. Under SDCL 15–6–52(a) one of these is necessary to preserve a sufficiency of the evidence argument for appeal. *See Jennings v. Jennings*, 309 N.W.2d 809 (S.D. 1981) (absence of objections to or proposed findings). Therefore, we do not reach the issue of the propriety of granting specific performance, since the trial court's findings support the judgment.

 In South Dakota, where a seller has wrongfully held over due to his refusal to complete a contract for the sale of land, the buyers in an action for specific performance are entitled to a setoff against the purchase price for use and occupation during the holdover period. *Gira v. Harris*, 14 S.D. 537, 86 N.W. 624 (1901). This principle is premised on the point that once the court has taken jurisdiction it has jurisdiction to grant complete relief, including an award of damages for loss occasioned by the failure to perform. *Reinink v. Loozenoord*, 370 Mich. 121, 121 N.W.2d 689, 692–3 (1963); *Frank v. Coyle*, 310 Mich. 14, 16 N.W.2d 649 (1944). Lewtons present no argument in response to the cross-appeal.

We affirm the decree for specific performance, but we reverse the judgment of the trial court denying damages and remand for determination of the amount thereof.

All the Justices concur.