R. M. TYSDAL REAL ESTATE, INC.,
Plaintiff and Appellee,

v.

John M. LEWTON and Thelma I. Lewton, Defendants and Appellants.

No. 13384.

Supreme Court of South Dakota.

Argued Jan. 18, 1982.

Decided May 12, 1982.

Gary R. Richards of Richards, Hood & Brady, Spearfish, for plaintiff and appellee.

William H. Coacher, Sturgis, for defendants and appellants.

MORGAN, Justice.

This case is a companion case to *Brockel v. Lewton*, 319 N.W.2d 173 (S.D.1982), but comes to us as a separate appeal concerning the trial court's award of a five percent commission to Tysdal Real Estate, Inc. (Tysdal). Lewtons do not contest that Tysdal produced a ready, willing and able buyer. *See* e.g., *Richardson v. Afdahl*, 313 N.W.2d 457 (S.D.1981). Instead, they argue that if Haley and Haivala did not breach their fiduciary duty, Tysdal should receive a .05% commission.

Admittedly, the printed listing agreement between Tysdal and Lewtons was filled in to provide for a .05% commission. At trial, Haley was permitted to testify that he consistently used .05% to mean five percent. Haivala, after viewing Haley's file, confirmed this and testified it was a customary practice. Moreover, Lewtons had agreed to pay a five percent commission if the ranch was sold at auction. Since Tysdal pleaded mistake, this evidence was admissible and the trial court did not err in finding that the parties intended a five percent commission.

Lewtons also argue that Haley and Haivala breached their fiduciary duty. *See* e.g., *Hurney v. Locke*, 308 N.W.2d 764 (S.D. 1981). Their argument in this respect is specious. The reason they did not go through with the transaction was discussed in our other opinion and had nothing to do with any alleged breach of fiduciary duty. The trial court found this argument and allegation meritless. We agree with the trial court's determination and affirm the judgment.

All the Justices concur.