**CAL–VAL CONSTRUCTION CO., INC., a Missouri Corporation, Appellant,**

v.

**Edward James MAZUR and Linda D. Mazur, his wife, Respondent.**

No. 44562.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1982.

Thomas J. Briegel, Union, for appellant.

William W. Eckelkamp, Washington, for respondent.

REINHARD, Presiding Judge.

The plaintiff-contractor appeals from the trial court's decree ordering specific per-

formance of a contract for the construction and sale of a home. We affirm.

In this court-tried case, the court held the plaintiff had breached the contract by assessing charges not in accord with those in the contract. The court found that as a result of this breach the defendant-buyers lost a commitment from a lending institution for a home loan with a 9% annual interest rate. Further, the court found that 12% was the most favorable interest rate available to defendants at the time of the trial. The court ordered the parties to specifically perform the contract and allowed them various credits and charges, including a $6100.00 credit to defendants to offset the increased interest rate.

On appeal, plaintiff acknowledges that a court sitting in equity has the discretion to award damages for losses proximately caused by a breach of a contract in addition to ordering specific performance of the contract. *Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 657 (Mo. 1973). However, plaintiff argues that the law does not allow recovery of losses caused by the increased cost of a loan and that, in any event, the defendants failed to carry their burden of proving that plaintiff's breach proximately caused them to lose the loan commitment.

The decree of the trial court should be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously states nor applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Applying this standard, we affirm the trial court's decree.

 The rules regarding the measure of damages in contract cases are well settled. The non-breaching party may recover "the amount which will compensate [him] for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed .... [T]he person injured is, as far as is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed." *Boten v. Brecklein*, 452 S.W.2d 86, 93 (Mo.1970) (quoting 25 C.J.S. *Dam-*

*ages*, § 74). Therefore, if plaintiff's breach proximately caused the defendants to lose the loan commitment, the court had discretion to allow the defendants a credit for the increase in interest rates in order to place them in the position they would have been in had the plaintiff fulfilled the contract.

We believe the law permits a credit for the increased cost of a loan in a case such as this. Apparently, no Missouri court has directly confronted the issue of whether to compensate the non-breaching party for an increase in interest rates in addition to granting specific performance. However, courts in other jurisdictions have considered cases nearly identical to this one and have held losses caused by an increase in interest rates during a breach are compensable. *See Godwin v. Lindbert*, 101 Mich.App. 754, 300 N.W.2d 514 (1980) (per curiam); *Regan v. Lanze*, 47 App.Div.2d 378, 366 N.Y.S.2d 512 (1975), *rev'd on other grounds*, 40 N.Y.2d 475, 387 N.Y.S.2d 79 (1976); *Reis v. Sparks*, 547 F.2d 236 (4th Cir. 1976).

Further, Missouri courts have permitted the recovery of interest expenses and loan fees as actual damages. *Herbert & Brooner Construction Co. v. Golden*, 499 S.W.2d 541 (Mo.App.1973), involved a construction contract. Because the builder delayed completion of construction beyond the date set in the contract, the buyer was forced to obtain an extension of his construction loan. Our brethren in the Western District held the buyer could recover the additional loan fees and interest he was required to pay as a result of the contractor's breach. Similarly, in *Groppel Company, Inc. v. United States Gypsum Company*, 616 S.W.2d 49 (Mo.App.1981), we held the buyer and user of defective fireproofing material could recover from the seller the interest the buyer paid on the loan he was forced to obtain to finance the application of a second coat of the fireproofing material. We said, "[t]he interest expense was an integral and proximate part of plaintiff's damages ...." *Id.* at 64.

In support of its argument that the loss defendants suffered by reason of the increase in the interest rate is too remote to

be compensable, plaintiff cites *Dunning v. Alfred H. Mayer Company*, 483 S.W.2d 423 (Mo.App.1972). There, the court found the contractor had breached the contract to build and convey a home. Because performance of the contract had become impossible, the court awarded only monetary damages to the buyers. The award included damages for the difference between the interest rate on the loan commitment the buyers had obtained to purchase the house in question and the increased interest rate for mortgages at the time of the trial. This court found that because the buyers had not committed themselves to a loan at the higher rate or even to the purchase of another home, they had suffered no real loss as a result of the increased interest rates. "[T]his item of alleged damages representing the additional costs of financing due to increased interest rates was remote and contingent and should not *under the circumstances* be awarded." (emphasis supplied). *Id.* at 429.

*Dunning* not only does not support plaintiff's position but, in fact, supports defendants'. We did not hold that losses caused by increased interest rates are not recoverable in a suit for specific performance. Rather, we held that because the buyers were in no way committed to taking a loan at the higher interest rate, they would suffer no actual loss as a result of the increased interest rates. In this case the buyers will be required to obtain a loan at the higher interest rate because the trial court has ordered specific performance of the contract, and they will suffer a real loss as a result of the increased interest rates.

Having determined that such a credit is permitted under the law, we now consider whether defendants carried their burden of proving that plaintiff's breach proximately caused them to lose the loan commitment.

■ The court held that the plaintiff breached the contract by assessing charges not in accord with those in the contract, and plaintiff does not challenge that holding. Both parties testified that a dispute arose regarding the charges and that the dispute delayed completion of the contract. Officers of the savings and loan testified that the savings and loan was committed to making a 9% loan to defendants and that it held that commitment open for almost a year. One of the officers testified that, before it cancelled the loan commitment, the savings and loan inquired of defendants whether they had resolved the dispute regarding the charges. The parties had not resolved the dispute, and the savings and loan cancelled the loan commitment. This constitutes substantial evidence to support the trial court's finding that the plaintiff's breach proximately caused defendants' loss of the 9% loan.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.