SLOMAN *v.* ROGERS.

1. SPECIFIC PERFORMANCE—ATTORNEY'S FEES IN CONTEMPT CASE—
   COMPROMISE AND SETTLEMENT.
   
   Where no attorney fee was awarded plaintiff in accordance with
   agreement in contempt proceeding, which resulted in compo-
   sition, allowance of $100 as attorney fee in main case for
   specific performance is affirmed as sufficient, under circum-
   stances.

2. SAME—DAMAGES—EVIDENCE.
   
   In suit for specific performance of contract to deed two unim-
   proved lots to plaintiff, he was not entitled to damage, where
   no special damage occasioned by delay was shown; lots being
   unproductive.

Appeal from Wayne; Searl (Kelly S.), J., pre-
siding. Submitted April 6, 1932. (Docket No. 28,
Calendar No. 36,198.) Decided June 6, 1932.

Bill by Adolph Sloman against Frank F. Rogers,
State highway commissioner, and another for spe-
cific performance of a contract relating to purchase
of land for highway purposes. From decree ren-
dered, plaintiff appeals. Affirmed.

*William L. Carpenter* and *Thomas G. Long* (*Stev-
enson, Butzel, Eaman & Long,* of counsel), for plain-
tiff.

*Perry & Lynch,* for defendants.

WIEST, J. Plaintiff owned two lots on Woodward
avenue, near the Eight Mile road. The lots, to-
gether with half of an 18-foot alley at the rear, were

required by the State highway department for the widening of the avenue, and, on July 30, 1924, it was agreed by the parties to this suit that the State highway commissioner should cause the alley to be vacated and the subdivision, so far as needed, to be replatted and two lots therein, occupying the same relative position on the widened avenue and free from restrictions, should be conveyed to plaintiff within six months in exchange for his two lots. The lots intended to be so conveyed were restricted in use to residence purposes, and the removal of the restriction and the replatting was of moment to other lot owners in the subdivision. Defendants delayed taking action to remove the restriction but did file a replat. Plaintiff endeavored to get effective action by defendants, but nothing was accomplished, and, on December 2, 1926, he filed the bill herein to obtain specific performance of the contract and damages occasioned by defendants' delay. Upon filing the bill a temporary injunction issued restraining defendants from disposing of any lots appearing on the replat. May 18, 1928, a contempt proceeding for an alleged violation of the injunction was instituted by plaintiff and composed by an agreement that the attorneys for plaintiff should file a bill in the Oakland circuit at the expense of defendants "for the purpose of procuring an adjudication that the title of the lots they (defendants) have obligated themselves to convey by warranty deed to said Sloman, are free from residential restrictions and conform in every respect to their obligations in the contract, * * * and that the title of other persons to whom said Sloman or they have conveyed lots in the Sloman subdivision described in the bill of complaint, are likewise free from residential restrictions."

Such a bill was filed by the attorneys for plaintiff, and, on November 4, 1929, a decree was obtained removing the restrictions from the lots agreed to be conveyed to plaintiff and validating the replat and vacation of the mentioned alley.

At the conclusion of the proofs in the case at bar, a decree was entered requiring defendants to execute and deliver to plaintiff, within 20 days, a warranty deed to the two lots in accord with the agreement, and attach to the deed a certified copy of a resolution adopted by the State administrative board, pursuant to authority given that board by Act No. 282, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 4464, 4465), approving the conveyance, and pay to plaintiff, or to the clerk of the court for plaintiff, all sums paid by plaintiff after July 30, 1924, and to the date of delivery of the deed, for taxes and assessments on the lots, together with interest at five per cent. per annum, and found the amount so paid, and required plaintiff to convey by warranty deed the lots taken for widening of the avenue, adjudged that defendants pay the fees and charges of plaintiff's attorneys in the proceedings had in the Oakland circuit and stated that "the amount of which fees and charges has been or is to be agreed upon between counsel," and further adjudged that:

"In view of contempt proceedings having been had in this cause at the petition of plaintiff on which said order of June 19, 1928, was entered plaintiff shall recover from defendants an attorney fee of $100 which shall be in lieu of the usual taxable attorney fee in a chancery suit and shall also recover all proper taxable costs other than the usual attorney's fee.":

The decree also adjudged that:

"The claim of plaintiff for damages by reason of said contract of July 30, 1924, not having been fully

performed by defendants within the six months therein provided and remaining unperformed up to the time of the hearing of this suit and the claim of plaintiff to recover all reasonable fees and charges of his attorneys and other expenses to which he has been put in and about obtaining and enforcing performance of said contract each is denied for the reasons stated in said opinion filed herein as aforesaid.''

In an opinion the circuit judge stated:

''As to damages for failure to give possession, I am unable to find that the delay was unreasonable under all the circumstances, or that defendants were more to blame therefor than the plaintiff. The lots are vacant and would have provided no income. * * *

''As to attorney fees in this suit, I have grave doubts as to the power of the court to grant more than taxable costs; but, in view of the fact that contempt proceedings were instituted and when settled by the consent order made by Judge Arthur Webster on June 19, 1928, no provision for attorney fees or expenses in that branch of this case was made, the decree herein may provide for an attorney fee in favor of the plaintiff and against the defendants of $100 in lieu of the taxable attorney fee.''

Plaintiff has appealed and asks to be awarded:

''1.  * * *  Such additional sum as counsel for the respective parties to this suit shall determine will fully compensate said appellant for the entire expenditure incurred for attorney fees in prosecuting this litigation in the trial court and in the Supreme Court.

''2.   As damages for their delay in performing their contractual duties and in conveying lots numbered 465 and 466, appellees shall pay appellant an amount equivalent to interest from January 30, 1925, the date upon which it was agreed that said conveyance should be made, computed at the rate

of five per centum per annum, on the value of said lots as of January 30, 1925, which value the court hereby fixes at $13,200, and which damages the court hereby computes to be and fixes at $4,290.''

The contempt proceeding having resulted in a composition, we think the award of attorney fees made by the trial judge should be affirmed.

No special damage, occasioned plaintiff by the delay, was established and we are not content to adopt the rule of measurement urged by attorneys for plaintiff. The lots were unimproved, and, therefore, unproductive of revenue.

We think the decree in the circuit, under the circumstances, awarded plaintiff all he was entitled to have.

The decree is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.