KUIZEMA v. BREEN.

1. APPEAL AND ERROR—RIGHT TO APPEAL.
   The right to appeal is determined not by the form of the order or decree but by its effect.

2. SAME—TEST OF WHETHER AN ORDER IS INTERLOCUTORY.
   The test, to determine whether or not an interlocutory order may be appealed from, is whether it affects with finality any of the rights of the parties in the subject matter or a part of it and the fact that there may be a possible or even a probable return of such subject matter does not warrant it being treated as a mere interlocutory proceeding *pendente lite*.

3. INJUNCTION—CONSTRUCTION OF BUILDINGS—VIOLATION OF ZONING ORDINANCE.
   Proceeding with erection of building which plaintiffs claimed was in violation of zoning ordinance was at defendants' risk of an adverse decree, where bill to enjoin such construction was filed 12 days after order of board of zoning appeals became final.

4. APPEAL AND ERROR—INTERLOCUTORY DECREE—LEAVE OF COURT.
   A decree dismissing a temporary restraining order and injunction theretofore issued against defendants who were engaged in the erection of a building which plaintiffs claimed was in violation of city zoning ordinance, but not dismissing the bill of complaint was, in effect, an interlocutory decree from which an appeal may not be taken without leave having been granted (3 Comp. Laws 1929, § 15491; Court Rule No. 60 [1945]).

5. SAME—INTERLOCUTORY DECREE—LEAVE OF COURT—DISMISSAL OF APPEAL.
   In case the propriety of taking a general appeal from an interlocutory decree is questioned by the appellee, the appeal must be dismissed, as leave of court must first be obtained in order to review such a decree.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 11, 1946. (Docket No. 56, Calendar No. 43,500.) Decided January 6, 1947.

Bill by Dorr Kuizema and others against Edwin P. Breen and others to restrain the construction of building on lot of defendants Breen. Motion dissolving temporary injunction granted. Plaintiffs appeal. Appeal dismissed.

*Dorr Kuizema,* for plaintiffs.

*John J. Smolenski,* for defendants.

*F. Roland Allaben* and *John F. Livingston,* for City of Grand Rapids.

BUSHNELL, J. Plaintiffs Kuizema, Stachelski and Kokot are owners of homes in Grand Rapids. Kuizema's property is located at 519 Lexington avenue, N.W., and is "the north 26 feet, front, by 31 feet, rear of lot 129, Cummings & Ferry's Addition." Kokot resides on the remaining south portion of lot 129 and Stachelski on lot 5 of Adams subdivision. These properties are located in the block bounded on the north by Second street, on the west by Stocking avenue, on the south by First street, and on the east by Lexington avenue.

Defendants Breen are the owners of premises known as 522 Stocking avenue, N.W., and described as "Lot 3 of Adams Subdivision and Lot 131 of Cummings & Ferry's Addition." This property has a frontage on Stocking avenue of 147-½ feet on the west, a depth of 213 feet on the north, 145 feet on the south, and 117 feet on the east. The irregular shaped building which is now on the property is

83-½ feet by 110. feet by 60 feet by 95 feet. The Breens sought a permit for the erection of a 60 by 100 foot addition to the rear of their present building.

Under the zoning ordinance of Grand Rapids the block, in which the properties involved are located, is designated partly as a "C" commercial district and partly as a "D" industrial district. The Breen property is in the "C" district, where an open space of 25 feet is required in the rear of buildings located thereon. No such rear open space, however, is required in the "D" district, wherein plaintiffs' properties are located.

The addition, which the Breens propose to erect, will occupy the rear of their property, in violation of the provision of the zoning ordinance requiring the maintenance of a 25-foot rear yard in the "C" district. After the Breens were refused a permit by the city building inspector, the matter was considered by the board of zoning appeals. Plaintiff Kuizema appeared as an attorney representing himself and several other property owners who opposed the issuance of the permit. After a hearing, the board took the position that, because the zoning regulations applicable to plaintiffs' properties located in the "D" industrial district permitted them to build up to their rear lot line, a "variation" should be granted to defendants Breen for the "new building only, under supervision and approval of the building inspection department."

Plaintiffs then filed a bill of complaint in the superior court of Grand Rapids and secured a temporary restraining order against defendants Breen and the board of zoning appeals. Upon the hearing of the order to show cause, the trial judge determined that this injunction had been improvidently

issued and entered a decree dismissing ''the injunction and restraining order.''

Plaintiffs have appealed without first seeking leave to appeal, and we are confronted with appellees' contention that the matter is not properly before this Court for the reason that the decree appealed from is interlocutory in nature. See Court Rule No. 60 (1945), and 3 Comp. Laws 1929, § 15491 (Stat. Ann. 1943 Rev. § 27.2591).

In *Cooper* v. *LaBuda,* 308 Mich. 737, 742, we repeated the rule that ''the right to appeal is determined not by the form of the order or decree, but by its effect.'' (See, also, *Lewis* v. *Campau,* 14 Mich. 458 [90 Am. Dec. 245], and *Barry* v. *Briggs,* 22 Mich. 201). The manner of applying this rule was set out in *Equitable Trust Co.* v. *Bankers Trust Co.,* 268 Mich. 394, 397, as follows:

''The test, to determine whether an interlocutory order may be appealed from or not, is whether it affects with finality any of the rights of the parties in the subject matter or a part of it. The fact that there may be a possible or even a probable return of such subject matter does not warrant it being treated as a mere interlocutory proceeding *pendente lite.*''

Therefore, if the decree in question is not a final disposition of the subject matter of the litigation or a part of it, the appeal taken without leave must be dismissed.

The opinion of the trial court recites that:

''The present bill of complaint was filed May 20th, or 12 days after the order became final and in this interval defendants proceeded with the erection of the building.''

In so doing, defendants assumed the risk of an adverse holding. See *Nechman* v. *Supplee,* 236 Mich.

116, 124; *Galton* v. *Heftler,* 284 Mich. 445; *Hansen* v. *Facione,* 294 Mich. 473; and authorities annotated in 57 A. L. R. 336 *et seq.,* and 96 A. L. R. 1287 *et seq.*

The decree, entered in the trial court, only dismissed the injunction and the restraining order. Plaintiffs' bill of complaint has not been dismissed and the cause awaits trial.

Plaintiffs saw fit, however, to take a general appeal without leave prior to the trial of their cause. The decree in question was in effect only an interlocutory order from which an appeal may not be taken without leave. The propriety of such practice having been questioned by appellees, plaintiffs' appeal must of necessity be dismissed, with costs to appellees.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.