GIANNETTI v CORNILLIE (ON REMAND)

Docket No. 180247. Submitted November 16, 1994, at Lansing. Decided February 22, 1995, at 9:35 A.M.

Patrick J. and Anne T. Giannetti brought an action in the Macomb Circuit Court against Charles J. Cornillie, Jr., and others, seeking specific performance of a contract under which the defendants agreed to sell a house to the plaintiffs. The court, Frederick D. Balkwill, J., ordered specific performance, awarded the defendants interest of twelve percent pursuant to MCL 600.6013; MSA 27A.6013 on the plaintiffs' down payment, and refused to award damages or attorney fees to the plaintiffs. The Court of Appeals, HOOD and B.A. JASPER, JJ. (TAYLOR, P.J., dissenting), reversed the order of specific performance, holding that the contract was void under the statute of frauds because the plaintiffs, without any written indication that the defendants agreed, had changed the amount of the mortgage they were to obtain as first proposed in their offer to purchase and as finally indicated in their acceptance of the defendants' counteroffer. 204 Mich App 234 (1994). The Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, reinstated the circuit court judgment ordering specific performance, and remanded the case to the Court of Appeals for consideration of the issue of damages raised by plaintiffs' cross appeal. 447 Mich 897 (1994).

On remand, the Court of Appeals held:

1. In granting specific performance of a contract for the sale of realty, a trial court may award such additional or incidental relief as is necessary to adequately sort out the equities of the parties and should endeavor to put the parties as nearly as possible in the position that they would have occupied had the conveyance of property occurred when required by the contract. A purchaser may be awarded compensation for any loss of the property during the delay in conveying the property, such as loss of the rental value for the period, subject to compensation to the seller for any loss of the use of the purchase money during the delay in the form of interest on the money for the period of delay. The case must be remanded to the trial court for determination of the plaintiffs' damages.

2. The trial court did not err in giving the defendants credit

for property taxes that were prorated to the plaintiffs pursuant to the contract but paid by the defendants.

3. MCL 600.6013(5); MSA 27A.6013(5) applies to actions in which a money judgment is rendered on a written instrument and does not apply to interest to be awarded in equity. Interest on the plaintiffs' down payment is to be reduced to 6.35 percent, a rate proposed by the plaintiffs and one that is equitable in light of the defendants' speculative proofs regarding a higher rate of interest.

4. The plaintiffs are not entitled to attorney fees in the absence of a statute or court rule requiring such an award and in the absence of a showing that inequity would result from the lack of an award of attorney fees.

Affirmed in part, reversed in part, and remanded.

*Lizza, Mulcahy, Casey & Lawson, P.C.* (by *John B. Lizza*), for the plaintiffs.

*Rupp, Ehrlich, Foley & Serwer, P.C.* (by *Joseph H. Ehrlich*), for the defendants.

ON REMAND

Before: TAYLOR, P.J., and HOOD and FITZGERALD, JJ.

PER CURIAM. Our prior opinion in this case, 204 Mich App 234; 514 NW2d 221 (1994), was reversed by an October 28, 1994, order of the Supreme Court. 447 Mich 897. That order reinstated the circuit court judgment in favor of plaintiffs, for the reasons stated by Judge TAYLOR in his dissent. We were ordered on remand to consider the issue of damages raised by plaintiffs in their cross appeal. The facts are set out in our prior opinion. We affirm in part, reverse in part, and remand.

Plaintiffs assert in their cross appeal that the trial court erred in its equitable accounting by (1) not awarding plaintiffs $63,500 for rent while at the same time holding plaintiffs' liable for

$15,535.40 in property taxes, (2) awarding defendants twelve percent interest under MCL 600.6013; MSA 27A.6013 on the $32,000 down payment, and (3) not awarding plaintiffs attorney fees of $18,500.

In granting specific performance, a trial court may award such additional or incidental relief as is necessary to adequately sort out the equities of the parties, and should endeavor to put the parties as nearly as possible in the position that they would have occupied had the conveyance of the real property occurred when required by the contract. *Reinink v Van Loozenord,* 370 Mich 121; 121 NW2d 689 (1963); *Godwin v Lindbert,* 101 Mich App 754, 758; 300 NW2d 514 (1980). Here, the trial court used October 12, 1986, as the first day that defendants failed to recognize the contract, and then allocated the equities between the parties. The property taxes on the Koerber property were charged to plaintiffs, but this was offset by the taxes plaintiffs paid on their existing residence. However, the trial court denied any award of the rental value of the Koerber property to plaintiffs because plaintiffs never introduced any credible evidence regarding their intent to rent out the subject property.

It has been held that a purchaser may be awarded compensation for any loss of the property during the delay in conveying the property in the form of the rental value or the net rents and profits for the period, subject to compensation to the seller for any loss of the use of the purchase money during the delay in the form of interest on that money for the period. The rationale for compensation for delay is that the contract is being awarded retrospectively and the equities adjusted accordingly. *Frank v Coyle,* 310 Mich 14; 16 NW2d 649 (1944); *Meyering v Russell,* 53 Mich App 695,

706; 220 NW2d 121 (1974), rev'd on other grounds 393 Mich 770 (1974).

A trial court may decide not to award rent where land was vacant and would have provided no income. *Sloman v Rogers,* 259 Mich 302; 143 NW 13 (1932). Authority in other jurisdictions also presents instances in which rent has been denied where there is no contractual provision for rent and no rents generated, but has been allowed when the damages are allowed in tort for the loss and enjoyment of a home rather than as part of an equitable accounting. See generally *Bernardini v Stefanowicz Corp,* 29 Md. 508; 349 A2d 287 (1975). Rent has also been denied where the evidence of lost rent is speculative because of a failure to prove that property would have been rented for a specific price or time. *Goldman v Bloom,* 90 Wis 2d 466; 280 NW2d 170 (1979).

However, where injury to some degree is found, a court does not preclude recovery for lack of precise proof but must do the best it can with what it has by way of evidence. *Godwin v Ace Iron & Metal Co,* 376 Mich 360, 368; 137 NW2d 151 (1965). This rule particularly applies when it is the defendant's own conduct that has caused the imprecision. *Id.* In such situations, it is preferable to err on the side of overcompensating the plaintiff, rather than adopt a rule that in all probability will preclude the injured party from recovery for a large portion of the damage sustained. *Id.; Troppi v Scarf,* 31 Mich App 240, 261-262; 187 NW2d 511 (1971); *Howard v City of Melvindale,* 27 Mich App 227, 235; 183 NW2d 341 (1970).

The trial court in this case quite obviously attempted to sort out the equities of the parties, attempting to place them as nearly as possible in the position they would have occupied had the conveyance occurred when required by the con-

tract and considering the improvements defendant Henry Cornillie had made to the property.

The trial court denied plaintiffs' request for damages for the forty-seven months they did not have use of the property because plaintiffs did not intend to use the property as a rental property. In making this decision the trial court apparently misunderstood that the average fair rental value was introduced merely to help the court establish the amount of the loss. Fair rental value is an apt measure of damages in such a situation. See *Lawrence C Young, Inc v Servair, Inc,* 33 Mich App 643; 190 NW2d 316 (1971). A qualified witness' reasonable estimate of the value of the lost use of the property during the relevant time frame is competent evidence on which to base an award. See *Andries v Everitt-Metzger-Flanders Co,* 177 Mich 110; 142 NW 1067 (1913).

Under the circumstances, we believe that the most equitable course is to remand this matter for a determination of plaintiffs' damages, including consideration of the improvements made.

While plaintiffs also suggest that it is inequitable to deny rental compensation while at the same time charge them taxes for the Koerber property (less the taxes paid on their existing home), this claim must be rejected because the purchase agreement itself sets the date of closing as the date for prorating taxes. Thus, it was equitable to give defendants credit for the taxes they paid, which were occasioned by the delay in conveying the property. We find no error in the trial court's determination in this regard.

Next, plaintiffs challenge the trial court's determination that it

is the finding of this Court, pursuant to MCL 600.6013(5); MSA 27A.6013(5), defendants shall

receive interest on the $32,000.00 down payment. However, the Court finds defendants' assertions, as to interest on possible investment or money market earnings, speculative and beyond the thrust of *Godwin.*

Plaintiffs' claim regarding the above is that MCL 600.6013; MSA 27A.6013 does not apply, and that an appropriate rate of interest in equity would have been a bank savings rate of five percent. Plaintiffs' argument regarding the statute has merit, but we reject the suggested use of a five percent rate under the facts of this case.

While arriving at an appropriate interest factor is not always easy, it is clear to us that MCL 600.6013; MSA 27A.6013 does not apply to interest awarded in equity. Divorce cases are equitable, and we find the equitable principles discussed in divorce cases instructive. See *Thomas v Thomas (On Remand),* 176 Mich App 90, 92; 439 NW2d 270 (1989). See also *Dep't of Treasury v Central Wayne Co Sanitation Authority,* 186 Mich App 58, 61; 463 NW2d 120 (1990) (money judgment under the statute means adjudication of a sum of money as distinguished from an act to be done).

In this regard, the panel in *Thomas, supra,* noted that a minimum of five percent would be required pursuant to the lawful interest rate in MCL 438.31; MSA 19.15(1), although this may not always be adequate to compensate a party in equity. By comparison, the interest rate of twelve percent in MCL 600.6013(5); MSA 27A.6013(5), which was adopted by the trial court, is intended to apply to complaints filed after January 1, 1987, in which a money judgment is rendered on a written instrument. MCL 600.6013; MSA 27A.6013 is intended to provide compensation to a prevailing party for loss of use of funds awarded as a

money judgment and to offset the costs of bringing a court action. *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co,* 434 Mich 244, 252; 454 NW2d 73 (1990).

In view of the above principles, we conclude that the trial court's use of MCL 600.6013; MSA 27A.6013 to determine interest was an abuse of discretion because this statute has no application to and does not comport with the equitable objective of interest in specific performance cases.

The issue then becomes whether the interest should be reduced to five percent as asserted by plaintiff or the case remanded to the trial court for further proceedings to determine a proper rate of interest. In this regard, the record shows that the trial court rejected defendants' interest proposal as being speculative. The minimum rate in the defendants' proposals appears to be about seven percent, although the proposals were combined to reach an average higher than seven percent. By comparison, plaintiffs' July 30, 1990, proposal reflects an interest rate of 6.35 percent.

In light of the trial court's rejection of defendants' proofs as speculative and plaintiffs' use of the 6.35 percent in its proposal, we find it appropriate to reduce the rate of interest to 6.35 percent, rather than remand for further proceedings to determine the interest rate. Plaintiffs' newly raised claim that a rate of five percent should be used is rejected because it was not presented to the trial court. As was noted in *People v Murry,* 106 Mich App 257, 262; 307 NW2d 464 (1981), a party cannot ask a trial court to take a certain action, and then argue on appeal that the action constitutes error.

Plaintiffs' final claim is that the trial court erred in failing to award attorney fees as part of the equitable accounting. The general rule is that no

attorney fees may be awarded as costs unless authorized by statute or court rule.

Although there are exceptions to this rule, plaintiffs have shown no statute, court rule, or equitable principle justifying an award of attorney fees in this case. They do assert that defendants' breach of the purchase agreement was intentional and that having defendants pay their attorney fees is necessary to return the "parties" to the place they would be had there been no breach, and they cite *Kelynack v Yamaha Motor Corp, USA,* 152 Mich App 105; 394 NW2d 17 (1986), as being sufficiently analogous to the instant case to justify attorney fees. We find this argument unpersuasive because the issue in *Kelynack* involved a trial court's ability to award attorney fees as an element of damages under the Uniform Commercial Code, MCL 440.2715; MSA 19.2715. *Kelynack* has no relevance to the specific performance and equitable accounting at issue in this case. Because plaintiffs have not shown the requisite inequitable result for an award of attorney fees, the trial court's decision to deny attorney fees is affirmed.

Remanded for recalculation of interest on defendants down payment at the rate of 6.35 percent advocated by plaintiffs in the trial court and for a determination of plaintiffs' damages. In all other respects, the judgment of the trial court is affirmed.

We do not retain jurisdiction.